UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MARTIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BALL CORPORATION, et al.,<br><br>　　　　　Defendants. | No. 2:21-cv-1049 DAD CKD<br><br><br>ORDER |

  On June 18, 2025, the undersigned held a hearing via Zoom videoconference on defendants' two pending motions to compel discovery responses. (ECF Nos. 63 & 64.) Attorney Levi Lesches appeared on behalf of plaintiff, and attorney Aaron Cargain appeared on behalf of defendants. For the reasons set forth below, the court will grant both motions to compel.

  A. <u>Background</u>

  This action proceeds on the Third Amended Complaint filed August 29, 2024. (TAC, ECF No. 45.) Plaintiff Martin was employed as a machinist by defendant Ball in Ball's Fairfield plant, which manufactures cans for soup and similar products. In November 2018, Martin allegedly was injured at work, and Ball allegedly retaliated against him by suspending and terminating his employment when he sought a disability accommodation. (<u>Id</u>.) The TAC asserts California Fair Housing and Employment Act (FEHA) claims of disability discrimination, failure to provide reasonable accommodation, and related claims. (<u>Id</u>.)

1

Before the court are two unopposed motions to compel by defendants. (ECF Nos. 63 & 64.) The first motion was originally set for hearing June 11, 2025, but the court gave plaintiff an additional week to respond and moved the hearing to coincide with the second motion, set for June 18, 2025. Martin did not respond to either motion. Per the district judge's scheduling order, the fact discovery deadline is September 16, 2025. (ECF No. 59.)

The recent background of this case is as follows: In October 2024, the undersigned held a settlement conference for the parties, but the case did not settle. (ECF No. 52.) On December 18, 2024, the undersigned held an informal telephonic discovery conference, and the parties agreed to stipulate to extend time for discovery; the fact discovery deadline was subsequently extended to June 16, 2025. (ECF Nos. 55, 56 & 57.) At a meet and confer on December 19, 2024, Martin's counsel disclosed that Martin had been injured in an industrial accident, resulting in his temporary incapacitation and hospitalization at UCSF. (Second Cargain Decl., ¶ 4, ECF No. 64-2.) In March 2024, the parties stipulated to continue all deadlines, and the district judge extended the fact discovery deadline to September 16, 2025. (ECF Nos. 58 & 59.) On May 14, 2025, defendant Ball filed a motion to compel Martin to produce his Worker's Compensation records, as "efforts by Defendants to obtain these records without motion practice have been repeatedly ignored." (ECF No. 60-1 at 2.) Martin filed a statement of non-opposition to the motion, agreeing to produce the records by June 6, 2025; thus, the court granted Ball's motion without hearing. (ECF Nos. 60, 61 & 62.)

Roughly two weeks later, Ball filed the instant two motions to compel, and Martin did not respond to either. Ball states that defendants anticipate "being forced to file several more motions to obtain responses to basic discovery requests." (ECF No. 63-1 at 2.)

B. Motion to Compel Plaintiff's Response to Interrogatories

In this motion (ECF No. 63), defendants seek to compel verified responses[1] to defendant Ball Metal Beverage Corporation's (BMBC) Interrogatories, Set One, "[a]fter five months and numerous attempts by Defendants to resolve the issues in this motion informally[.]" (ECF No.

---

[1] Federal Rule of Civil Procedure 33(b)(5) provides that "[t]he person who makes the answers [to interrogatories] must sign them, and the attorney who objects must sign any objections."

2

63-1 at 2.) On October 22, 2024, BMBC propounded nine interrogatories relating to damages and efforts to mitigate damages. Martin's responses were due November 21, 2024. (First Cargain Decl., ¶ 4, ECF No. 63-2.) On December 2, 2024, Martin's counsel produced unverified responses, including the preliminary statement:

> Due to the recent illness in Counsel's family, Counsel will need additional time to prepare Plaintiff's substantive responses, and document productions, to the extent not objected to herein.

(Id., ¶ 6 & Exh. D.) Plaintiff raised no objections to Interrogatory Nos. 1-5 and No. 8, and failed to acknowledge or provide any response to Interrogatory No. 9. (Id., ¶ 7 & Exh. D.) In the Joint Statement filed prior to the informal discovery conference on December 18, 2024, BMBC sought "Code-compliant responses to all nine interrogatories by the end of the year or authorization to file a motion to compel." (ECF No. 54 at 2.) In the same Joint Statement, plaintiff's counsel stated that he would provide "substantive interrogatory responses" by December 30, 2024, along with other disputed responses. (Id. at 3.) Despite multiple follow-ups by defendants' counsel during the spring of 2025, plaintiff's counsel has not provided the verified responses nor responded to the instant motion.

Defendants' proposed order on the motion directs plaintiff to "serve verified, Code-compliant responses to [BMBC's] Interrogatories, Set One, by June 18, 2025" or face possible sanctions. (ECF No. 63-11 at 2.)

C. <u>Motion to Compel Plaintiff to Produce Authorization to Obtain UCSF Records</u>

In this motion (ECF No. 64), defendants seek to compel plaintiff's authorization to obtain medical records concerning plaintiff's recent treatment at UCSF after an industrial accident. "Notably, plaintiff's counsel agreed to produce the subject authorization, but has failed to do so at the time of filing despite Defendant's counsel's repeated requests for the authorization." (ECF No. 64-1 at 2.)

On January 10, 2025, defendants served on plaintiff an Authorization for Release of Health Information for UCSF Health and associated medical centers, including a burn center, for execution by plaintiff. (Second Cargain Decl., ¶ 5.) The purpose of this request is to "assess any period when Plaintiff may not be entitled to recover economic damages [e.g., backpay] due to his

3

1  incapacity" from the November 2024 accident unrelated to this case. (ECF No. 64-1 at 4.) In a
2  February 2025 email exchange, plaintiff's counsel "acknowledged the outstanding authorization,
3  and claimed he would 'handle shortly.'" (Second Cargain Decl., ¶ 6, Exh. D.) However, despite
4  multiple follow-ups by defendants' counsel, plaintiff's counsel has not provided the authorization
5  nor responded to the instant motion. At the hearing, plaintiff's counsel indicated that plaintiff did
6  not oppose providing the authorization.

   Defendants' amended proposed order on the motion directs plaintiff to "produce the
   signed authorization by no later than June 25, 2025" or face possible sanctions. (ECF No. 65.)

   D.  Conclusion

   As stated at the hearing, the court is concerned about plaintiff's counsel's lack of diligence in the discovery process and will consider issue and/or terminating sanctions if this pattern continues. At plaintiff counsel's request, the court will set a June 27, 2025, deadline to provide the requested discovery in these motions. Going forward, however, the court expects plaintiff's counsel to meet and confer as needed to resolve basic discovery issues rather than forcing defendants to file multiple motions to compel. See Brill v. Napolitano, 2010 WL 11512400, *1 (C.D. Cal. May 12, 2010) ("The whole system of [c]ivil adjudication would be ground to a halt if the courts were forced to intervene in even a modest percentage of discovery transactions. . . . Here, the parties have unnecessarily burdened the Court with discovery disputes they should have been able to resolve themselves.").

   Accordingly, IT IS HEREBY ORDERED THAT:

   1. Defendants' first motion to compel (ECF No. 63) is GRANTED;
   2. Plaintiff shall serve verified, Code-compliant responses to BMBC's Interrogatories, Set One, by June 27, 2025;
   3. Defendants' second motion to compel (ECF No. 64) is GRANTED;
   4. Plaintiff shall produce the signed authorization for medical records no later than June 27, 2025;

////

////

4

5. Counsel shall meet and confer to set plaintiff's deposition on either July 2 or July 3, 2025, and plaintiff's deposition will be held open to continue at a later time, after defendants receive various outstanding discovery responses.

Dated: June 20, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/mart1049.mtc_oah